UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

ÁLVARO FREDY CÓRDOBA RUIZ,
ALBERTO ALONSO JARAMILLO RAMÍREZ,
   a/k/a "Alonso Hector," and
LIBIA AMANDA PALACIO MENA,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INDICTMENT

S1 22 Cr. 121 (LJL)

## COUNT ONE

### (Narcotics Importation Conspiracy)

The Grand Jury charges:

1. From at least in or about July 2021, up to and including in or about February 2022, in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, including in Colombia, Venezuela, and elsewhere, ÁLVARO FREDY CÓRDOBA RUIZ, ALBERTO ALONSO JARAMILLO RAMÍREZ, a/k/a "Alonso Hector," and LIBIA AMANDA PALACIO MENA, the defendants, and others known and unknown, at least one of whom will be first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that ÁLVARO FREDY CÓRDOBA RUIZ, ALBERTO ALONSO JARAMILLO RAMÍREZ, a/k/a "Alonso Hector," and LIBIA AMANDA PALACIO MENA, the defendants, and others known and unknown, would and

did import into the United States and into the customs territory of the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

3.  It was further a part and an object of the conspiracy that ÁLVARO FREDY CÓRDOBA RUIZ, ALBERTO ALONSO JARAMILLO RAMÍREZ, a/k/a "Alonso Hector," and LIBIA AMANDA PALACIO MENA, the defendants, and others known and unknown, would and did manufacture, distribute, and possess with intent to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

4.  It was further a part and an object of the conspiracy that ÁLVARO FREDY CÓRDOBA RUIZ, ALBERTO ALONSO JARAMILLO RAMÍREZ, a/k/a "Alonso Hector," and LIBIA AMANDA PALACIO MENA, the defendants, and others known and unknown, would and did, on board an aircraft registered in the United States, manufacture, distribute, and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 959(c) and 960(a)(3).

5.  The controlled substance that ÁLVARO FREDY CÓRDOBA RUIZ, ALBERTO ALONSO JARAMILLO RAMÍREZ, a/k/a "Alonso Hector," and LIBIA AMANDA PALACIO MENA, the defendants, conspired to (a) import into the United States and into the customs territory of the United States from a place outside thereof; (b) manufacture, distribute, and possess with intent to distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States; and (c) manufacture, distribute, and possess

with intent to distribute on board an aircraft registered in the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B).

(Title 21, United States Code, Section 963; and Title 18, United States Code, Section 3238.)

## FORFEITURE ALLEGATION

6. As a result of committing the offense charged in Count One of this Indictment, ÁLVARO FREDY CÓRDOBA RUIZ, ALBERTO ALONSO JARAMILLO RAMÍREZ, a/k/a "Alonso Hector," and LIBIA AMANDA PALACIO MENA, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

7. If any of the above-described forfeitable property, as a result of any act or omission of ÁLVARO FREDY CÓRDOBA RUIZ, ALBERTO ALONSO JARAMILLO RAMÍREZ, a/k/a "Alonso Hector," and LIBIA AMANDA PALACIO MENA, the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

    (Title 21, United States Code, Sections 853 and 970; and
    Title 28, United States Code, Section 2461(c).)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

4