UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

- against –

ÁLVARO FREDY CÓRDOBA RUÍZ,

            Defendant.

------------------------------X

ORDER OF JUDICIAL REMOVAL

Criminal Docket No. S1 22 Cr. 121 (LJL)

Upon the application of the United States of America, by Kaylan E. Lasky, Nicholas Bradley, and Kevin Sullivan, Assistant United States Attorneys, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of ÁLVARO FREDY CÓRDOBA RUÍZ (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a citizen or national of the United States.

2. The defendant is a native and citizen of COLOMBIA.

3. On or about January 19, 2023, the defendant was paroled into the United States for the purpose of criminal prosecution, pursuant to Section 212(d)(5) of the Immigration and Nationality Act of 1952, as amended, ("Act").

4. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offense: conspiring to import 500 grams and more of cocaine, in violation of 21 U.S.C. §§ 963, 952(a), 959(a), 959(c), 960(a)(1), 960(a)(3), and 960(b)(2)(B).

5. A total maximum sentence of 40 years' imprisonment may be imposed for the above-mentioned offense.

6. The defendant is subject to removal from the United States pursuant to: (1) Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act of 1952, as amended, (the "Act"), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under Section 211(a) of the Act; (2) Section 212(a)(2)(A)(i)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as a noncitizen convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 802 of Title 21); and (3) Section 212(a)(2)(C)(i) of the Act, 8 U.S.C. § 1182(a)(2)(C)(i), as a noncitizen who the consular officer or the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in Section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so.

7. The defendant has waived his right to notice and a hearing under Section 238(c) of the Act, 8 U.S.C. § 1228(c).

8. The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9. The defendant has designated Colombia as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to Colombia.

Dated: New York, New York
April 26, 2024

_____
HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE