UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

UNITED STATES OF AMERICA,

    -v-

ALVARO FREDY CORDOBA RUIZ,

       Defendant.

------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/2025

22-cr-00121 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

   Defendant Alvaro Fredy Cordoba Ruiz ("Cordoba Ruiz") moves *pro se* for a reduction of his sentence to five years. Dkt. No. 117.

   On January 2, 2024, Cordoba Ruiz pleaded guilty before the Court to count one of the superseding indictment charging him with conspiracy to important cocaine in violation of 21 U.S.C. § 963. Dkt. No. 58. He did so pursuant to a plea agreement that contained a stipulated U.S. Federal Sentencing Guidelines ("Guidelines") range of 210 to 262 months with a mandatory minimum term of 60 months. Dkt. No. 58 at 22; Dkt. No. 70 at 4. During the plea proceedings, Cordoba Ruiz allocuted as follows: "[b]etween July 2021 and February 2022, I agreed with others to send 500 grams and more of cocaine to the United States. I knew that the cocaine would end up in the United States. And I knew that what I was doing was wrong." Dkt. No. 58 at 25–26. On April 26, 2024, the Court sentenced Cordoba Ruiz to a term of imprisonment of 168 months followed by four years of supervised release. Dkt. No. 86. The sentence was below the Guidelines range of 210 to 262 months, Dkt. No. 70 at 21, within which the Government asked the Court to sentence Cordoba Ruiz. Dkt. No. 82 at 2.

   In his motion, Cordoba Ruiz raises questions as to his culpability, *see* Dkt. No. 117 at 4 ("I am nothing more than a minor, defenseless and harmless actor in this complex criminal network"); the reliability of the Guidelines calculation, *see id.* at 5 ("I must clarify that never in

my life have I carried a firearm"); the effectiveness and independence of his counsel, *see id.* at 6

("I lacked the appropriate and technical defense, since, as it is known from the file or procedural

record, that I had a legal team paid for by the State"); and the reasonableness of his sentence, *id.*

at 9 (arguing that given his "little or minimal" participation a reduced sentence would be

appropriate).

      As a general matter, a federal criminal sentence once imposed cannot be modified. *See* 18

U.S.C. § 3582(c). The exceptions are limited. The Court may grant a motion for compassionate

release if the defendant demonstrates that there exist "extraordinary and compelling reasons [to]

warrant such a reduction, after considering the factors set forth in 18 U.S.C. § 3553(a) to the

extent they are applicable. 18 U.S.C. § 3582(c)(1)(A). It also may modify a term of

imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal

Rules of Criminal Procedure, which permits correction of an arithmetical, technical, or other clear

error in a sentence within fourteen days after sentencing or, under limited circumstances, on a

motion by the Government. *See* 18 U.S.C. § 3582(c)(1)(B). The Court may also reduce the term

of imprisonment of a defendant who has been sentenced based on a sentencing range that has

been subsequently lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2).

      Cordoba Ruiz does not identify a rule pursuant to which the Court can modify his

sentence. He does not identify any facts that would permit the Court to modify his sentence

under 18 U.S.C. § 3582(c)(1)(B) or 18 U.S.C. § 3582(c)(2).

      Cordoba Ruiz does identify facts that are relevant to a motion for compassionate release.

He asks that he be permitted to return to his home country to "be able to physically and morally

support [his] partner . . . who suffers from an illness that has been exacerbated by [his] captivity

and confinement in the State of Texas. Dkt. No. 117 at 9. To the extent that the motion is

construed as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A), it is denied. A

district court may grant a compassionate release motion "only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the [18 U.S.C.] § 3553(a) [sentencing] factors; and extraordinary and compelling reasons." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021); *see United States v. Sanchez*, 2024 WL 4647668, at *1 (2d Cir. Nov. 1, 2024).  Cordoba Ruiz does not assert that he has attempted to exhaust administrative remedies with the warden of the institution where he is incarcerated, does not identify any extraordinary or compelling reasons for the exercise of compassionate release, and does not demonstrate that the Section 3553(a) factors would permit a reduction in his sentence given the gravity of the crime.

Certain of the assertions made by Cordoba Ruiz sound in a motion under 28 U.S.C. § 2255 challenging the lawfulness of his continued confinement, although such a motion may well be untimely.  *See* 28 U.S.C. § 2255(f) (stating that a one-year period of limitations ordinarily applies to a motion under this section).  The Court also notes that its consideration of Cordoba Ruiz's motion as under Section 2255 may carry consequences for him as there are limits on second or successive motions under Section 2255.  *See* 28 U.S.C. § 2255(h).  If Cordoba Ruiz wishes the Court to consider the motion under Section 2255, he shall so inform the Court within sixty days of the date of this Order or, in other words, by November 10, 2025.  In the absence of such notice, the Court will issue an order denying the motion in its entirety.

To the extent that Cordoba Ruiz moves pursuant to 28 U.S.C. § 3582 for modification of his sentence, the motion is denied.

SO ORDERED.

Dated: September 11, 2025
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge